IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| J.W. Parent and Next Friend of K.H., Student, | ) ) ) |
| Petitioners, | ) ) |
| v. | ) Case No.:2:25-cv-229 ) ) |
| Tippecanoe School Corporation, | ) ) |
| Respondent. | ) ) |

**COMPLAINT and DEMAND FOR TRIAL BY JURY**

COME NOW, K.H., a Student, By and With Her Parent and Next Friend J.W., and do hereby bring this action against Defendant school corporation Tippecanoe School Corporation (hereinafter "Tippecanoe") for damages suffered as a result of discrimination against J.W. and her child, K.H. on the basis of K.H.'s disability and race. Plaintiffs hereby request a trial by jury in this matter.

**INTRODUCTION**

1. This action is brought pursuant to the Fourteenth Amendment of the U.S. Constitution, Section II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, Title VI of the Civil Rights Act, and in tort.

2. J.W. and her child K.H. live in Tippecanoe County, Indiana. Tippecanoe is located in Tippecanoe County.

1

3. K.H. is a qualified individual with a disability and was at all times relevant, a student at Tippecanoe.

4. Tippecanoe is an Indiana public school corporation that receives federal funding for the education of students with disabilities and other services.

5. Tippecanoe discriminated against K.H. on the basis of her disability and race and as a result, J.W. and her child, K.H. have suffered emotional, pecuniary, and actual damages.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this case pursuant to 28 USC §1331 and §1367, the Fourteenth Amendment, Section 504 of the Rehabilitation Act, the Americans with Disabilities Act and Titles IV and VI of the Civil Rights Act.

7. This Court, without regard to the amount in controversy has jurisdiction over the Plaintiffs' request pursuant to federal statutes and Indiana statutes.

8. Venue is proper in the Nothern District of Indiana, Hammond Division, because all of the actions took place in Tippecanoe County. Additionally, the parties lived, resided, attended school, or were incorporated in Tippecanoe County, Indiana when all the relevant action took place.

## PARTIES

9. J.W. and her child, K.H. live in Tippecanoe County, Indiana and K.H. has legal residence within the Tippecanoe school boundaries.

10.      K.H. is a qualified individual with a disability and her parent is J.W.

2

11. Tippecanoe is a public-school corporation in Tippecanoe County, Indiana and located at 21 Elston Road, Lafayette, IN 47909.

## FACTS APPLICABLE TO ALL COUNTS

12. K.H. is a seventh-grade student at Wea Ridge Middle School ("WRMS"). She is eligible for special education and related services as a student with ADHD.

13. K.H. also underwent brain surgery within the last few years, which resulted in a large scar as well as a medication regimen.

14. The school did not reevaluate after the surgery to determine whether K.H. needed additional services in her IEP.

15. In November 2023, K.H. started at WRMS. Prior to enrollment, J.W. notified WRMS that K.H. had experienced bullying at her previous school as a result of her scar and specifically informed the school that K.H. was susceptible to bullying. J.W. specifically asked the school to watch for that and told the school that K.H. would be triggered by bullying.

16. Once at WRMS, K.H. again began experiencing bullying, especially due to her brain surgery scar.

17. K.H. was often bullied by the same student, who would hit and poke her repeatedly. K.H. reported this to her J.W., who reported it to the school.

18. J.W. repeatedly emailed one of K.H.'s teachers and the vice principal. The vice principal brushed aside the reports, never addressed the bullying, nor reprimanded the student.

19. Neither did the school offer any additional accommodations to protect K.H. from the bullying.

20. The school did not convene an IEP meeting to determine whether other services should be put in place to teach K.H. social skills that would help prevent the bullying.

21. In February 2024, after repeated warnings from J.W. regarding K.H.'s frustrations and her complaints that the school was failing to protect or otherwise accommodate her, K.H. physically defended herself against the student who had repeatedly been bullying her.

22. A manifestation determination meeting was held, but the school found K.H.'s actions to not be a manifestation of her disability. As a result, K.H. was put up for expulsion.

23. At the expulsion hearing, the school emphasized that K.H. threw the first punch. Despite having no prior disciplinary record and repeated reports she was acting in response to the other student's bullying, K.H. was expelled.

24. K.H. was expelled from February 2024 through August 2024. During the expulsion period, K.H. attended an alternative placement. K.H. did

not receive appropriate services at the alternative placement and was not in the least restrictive environment ("LRE").

25. K.H. returned to WRMS in August 2024. Shortly after returning to school, another student called K.H. a racial slur, specifically the N-word. Other students and teachers heard the student say this.

26. K.H. texted J.W. to tell her what happened. Shortly thereafter, Vice Principal Eaton called J.W. to let her know that the situation had occurred and that the school talked to the student. However, no disciplinary action was taken. The student remains in K.H.'s classroom.

27. In March 2025, K.H. was again called the N-word by the same student. J.W. again contacted the vice principal and the band teacher. This situation is ongoing.

28. K.H. has experienced repeated bullying from students. K.H.'s teachers witness other students taunting and bullying her, but do not intervene.

29. K.H.'s Individualized Education Plan ("IEP") states that she is to have bathroom breaks. K.H. is often marked "tardy" when returning from these bathroom breaks, despite it being included in her IEP. K.H. admits that she once stopped briefly at her locker on the way back from the bathroom but otherwise has used the pass for its intended purpose. Teachers have gone so far as to mark K.H. tardy and reflect back on camera footage in attempts to "catch" her doing something inappropriate.

30.     A few weeks ago, K.H. was suspended for a fight. K.H. and another student were playing around when the other student punched K.H. in the back. In response, K.H. punched the other student in the face. Both students got suspended. J.W. noted that K.H. was expelled for swinging first last year, but this other student was only suspended. The school stated that "it doesn't matter who swung first" despite the statements made at K.H.'s expulsion hearing. K.H. has been suspended for three (3) days of the 2024-2025 school year thus far.

31.     K.H.'s actions are a manifestation of her disability.

32.     Tippecanoe's disparate treatment of K.H. harmed her and her family and caused them to suffer financially and emotionally.

## COUNT 1 – VIOLATION OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION

33.     Plaintiffs hereby replead and incorporate by reference paragraphs 1-32.

34.     K.H. is an individual with a disability and was entitled to attend school at Tippecanoe because she has legal settlement there.

35.     Tippecanoe is an Indiana public school corporation that receives federal funding for educating students with special needs and other federal funds.

36.     Tippecanoe violated the Fourteenth Amendment by treating K.H. differently than similarly situated nondisabled peers.

6

37.     The Plaintiffs have been emotionally and financially harmed by Defendants' actions.

## COUNT II – VIOLATION OF 42 U.S.C. §1983

38.     Plaintiffs hereby incorporate and replead paragraphs 1-37.

39.     Tippecanoe is a state actor and used its power to willfully, wantonly, and recklessly discriminate against the Family on the basis of K.H.'s disability and race.

40.     Tippecanoe used its authority under state law to deprive K.H. access to equal protection under applicable federal laws.

41.     Tippecanoe conspired against Plaintiffs to deprive them of equal protections under applicable federal laws.

42.     Tippecanoe's actions were a gross misjudgment and made in bad faith.

43.     Tippecanoe has a widespread pattern and practice of discriminating against disabled and minority students by not providing them with the same protections as other students or punishing them more frequently for similar behaviors.

44.     Tippecanoe's relevant policies and practices have had a disparate and disproportionate impact on disabled and minority students.

45.     Plaintiffs have been emotionally and financially harmed by Defendants' actions.

## COUNT III – VIOLATION OF AMERICANS WITH DISABILITIES ACT

46. Plaintiffs hereby incorporate and replead paragraphs 1-45.

47. Tippecanoe discriminated against the Family on the basis of K.H.'s disability.

48. Tippecanoe is a state actor and receives federal funds for K.H.'s benefit, including but not limited to funds under the Elementary and Secondary Schools Emergency Relief Funds, Title One, School Nutrition Funds, and funds under the IDEA.

49. Tippecanoe's actions have prevented K.H. from attending school, which is her constitutional right.

50. Tippecanoe's actions and inactions created an environment that was severe and pervasive enough to deprive K.H. of access to educational benefits.

51. As a result of discrimination, Plaintiffs have suffered both financially and emotionally.

## COUNT IV – VIOLATION OF SECTION 504

52. Plaintiffs hereby replead and incorporate by reference all allegations in paragraphs 1-51.

53. K.H. is a qualified individual with a disability.

54. Tippecanoe's actions prevented K.H. from attending school, even though she had a constitutional right to do so.

55. Tippecanoe's actions and inactions created an environment that was severe and pervasive enough to deprive K.H. of access to educational benefits.

56. As a result of discrimination, Plaintiffs have suffered both financially and emotionally.

### COUNT V - TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

57. Plaintiffs hereby incorporate by reference and replead all allegations set forth in paragraphs 1-56.

58. K.H. is an African-American individual as is her parent, J.W.

59. Tippecanoe is an Indiana public school corporation that receives federal funding for educating students and other federal funds.

60. Tippecanoe violated Title VI of the Civil Rights Act by discriminating against K.H. on the basis of her race and treating K.H. differently than similarly situated non-minority peers.

61. The Plaintiffs have been emotionally and financially harmed by Defendants' actions.

### COUNT VI- RETALIATION

62. Plaintiffs hereby incorporate by reference and replead all allegations set forth in paragraphs 1-61.

63. Tippecanoe retaliated against the Family for J.W.'s advocacy for K.H.

64. As a result of Tippecanoe's retaliation, Plaintiffs have suffered financial and emotional harm.

### COUNT VII- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

65. Plaintiffs hereby incorporate by reference and replead all allegations set forth in paragraphs 1-64.

66. Tippecanoe engaged in extreme and outrageous conduct that caused emotional distress to the Plaintiffs collectively.

67. Tippecanoe's conduct was intentional or reckless.

68. As a result of Tippecanoe's intentional and/or reckless conduct, Plaintiffs have suffered emotionally and financially.

### COUNT VIII- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

69. Plaintiffs hereby incorporate by reference and replead all allegations set forth in paragraphs 1-68.

70. Tippecanoe's actions were reckless, intentional, and negligent.

71. As a result of Tippecanoe's actions, Plaintiffs have collectively suffered emotional distress.

72. Plaintiffs have suffered financially and emotionally as a result of Tippecanoe's negligence.

### COUNT IX- NEGLIGENT SUPERVISION AND TRAINING

73. Plaintiffs hereby replead and incorporate by reference paragraphs 1-72.

74. Tippecanoe had a duty to supervise and train teachers and staff working with K.H. and they breached that duty.

75. Tippecanoe had a duty to properly investigate allegations of wrongdoing and it breached that duty.

76. Tippecanoe negligently supervised and trained the staff working with K.H. and as a result of their failure to supervise staff, Plaintiffs suffered emotional and pecuniary damages.

### **COUNT X- HOSTILE EDUCATIONAL ENVIRONMENT**

77. Plaintiffs hereby replead and incorporate by reference paragraphs 1- 76.

78. K.H. is a qualified individual with a disability.

79. K.H. is an African-American individual.

80. Tippecanoe receives federal funding to serve K.H.

81. Plaintiffs suffered a hostile educational environment as a result of K.H.'s disability and race.

82. Tippecanoe's treatment of Plaintiffs, collectively, was so severe, pervasive, and offensive, that it denied K.H. access to a free appropriate public education and created a hostile educational environment for her.

83. Tippecanoe knew that J.W. and her child K.H. were being harassed and treated differently and they were deliberately or recklessly indifferent to it.

84. Tippecanoe had the authority to address the harassment and disparate treatment and chose not to or did so woefully inadequately.

85. As a result of the hostile educational environment, J.W. and her child, K.H. were deprived access to educational benefits to which other nondisabled and/or non-minority peers had access.

86. As a result of the hostile educational environment, Plaintiffs collectively suffered emotionally and financially.

## COUNT XI- FAILURE TO ACCOMMODATE

87. Plaintiffs hereby replead and incorporate by reference paragraphs 1-86.

88. K.H. is a qualified individual with a disability.

89. Tippecanoe was aware of her disability.

90. Tippecanoe failed to accommodate K.H.'s disability.

91. J.W. met with Tippecanoe a number of times to discuss and advocate for accommodations for K.H.

92. Tippecanoe did not allow J.W. to be a meaningful participant in meetings regarding K.H.'s accommodations.

93. As a result, K.H.'s education plan was not properly developed or implemented and K.H. suffered both discrimination and a hostile educational environment.

94. K.H.'s teachers did not provide the accommodations that were appropriate for K.H.

95. As a result, Plaintiffs, collectively, suffered emotionally and financially.

## COUNT XII- DISCRIMINATION ON THE BASIS OF ASSOCIATION

96. Plaintiffs hereby incorporate and replead all allegations set forth in paragraphs 1-95.

97. K.H. is a qualified individual with a disability.

98. K.H. is an African-American individual.

99. K.H. is eligible to attend school and has a right to a free appropriate public education.

100. Tippecanoe receives federal funding to educate K.H.

101. K.H. did not receive a free appropriate public education.

102. K.H. did not receive reasonable accommodations.

103. K.H. suffered a hostile educational environment.

104. K.H. suffered emotional distress.

105. J.W. advocated for K.H. because Tippecanoe was not serving her.

106. Plaintiffs suffered emotionally and financially because of Tippecanoe's discrimination and disparate treatment of them.

## COUNT XIII- FAILURE TO INVESTIGATE

107. Plaintiffs hereby replead and incorporate by reference paragraphs 1-106.

108. K.H. was bullied, threatened, and harassed by students and staff at Tippecanoe.

109. J.W. and K.H. reported this disparate treatment to school officials.

110.    School officials were either deliberately indifferent to these complaints or inadequately addressed them.

111.    Tippecanoe had a duty to investigate the claims of harassment against K.H.

112.    Tippecanoe failed in that duty.

113.    As a result of Tippecanoe's failure to investigate the claims of disparate treatment, Plaintiffs, collectively suffered emotionally and financially.

## PRAYER FOR RELIEF

114.    Plaintiffs hereby incorporate by reference and replead all allegations set forth in paragraphs 1-113.

115.    Plaintiffs were harmed as a result of Tippecanoe's actions and seek to be made whole financially.

116.    Plaintiffs seek financial damages in an amount to be determined at trial.

117.    Plaintiffs are entitled to all damages, including but not limited to compensatory and punitive damages.

118.    Plaintiffs request a trial by jury to hear their claims.

119.    Plaintiffs' attorneys' fees should be reimbursed.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs pray that this Court finds against Defendants and for all other relief deemed just.

Respectfully submitted,
CURLIN & CLAY LAW ASSN. OF ATTYS.,


    /s/ Alexandra M. Curlin
Alexandra M. Curlin  #24841-49
Curlin & Clay Law
8510 Evergreen Ave., Ste. 200
Indianapolis, IN 46240
amcurlin@curlinclaylaw.com

15